IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

RONALD L. WELLS, SR.,
  Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS, *et al.*,
  Defendants.

Case No. 3:25-cv-03190-JEH

**Order**

  Plaintiff, proceeding *pro se* and incarcerated at Illinois River Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

  Plaintiff files suit against twelve Defendants. Plaintiff's Complaint consists of ninety-six pages, including forty-eight single-spaced typewritten pages of allegations and an accompanying Appendix consisting of forty-eight pages of

exhibits. Plaintiff's Complaint includes over 100 paragraphs of "Factual Statements." (Doc. 1 at pp. 4-34). Plaintiff also includes additional allegations in subsequent pages of his Complaint. *Id.*

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), which provides that a pleading must contain a short and plain statement showing that the pleader is entitled to the relief sought. This Complaint is neither short nor plain and fails to provide effective notice of the claims potentially asserted against twelve Defendants. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). It also places an unreasonable burden on the Court to parse such a lengthy Complaint to determine which claims, if any, have merit. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention."). Therefore, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to comply with Rule 8(a)(2). Plaintiff is given leave to file an Amended Complaint within thirty days of this Order. Failure to file a timely Amended Complaint will result in the dismissal of this case, with prejudice. Plaintiff's Amended Complaint will replace his Complaint in its entirety and must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

Plaintiff is advised that unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his

grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

**IT IS THEREFORE ORDERED:**

**1)  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Failure to file a timely Amended Complaint will result in the dismissal of this case, with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2)  The Clerk is DIRECTED to send Plaintiff a blank Section 1983 complaint form.**

**3)  Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address. Plaintiff's failure to notify the Court of a change in mailing address will result in dismissal of this lawsuit, with prejudice.**

*It is so ordered.*

Entered: August 7, 2025

s/Jonathan E. Hawley
U.S. District Judge