IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

RONALD L. WELLS, SR.,
    Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS, *et al.*,
    Defendants.

Case No. 3:25-cv-03190-JEH

**Order**

    Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center ("Western") and Illinois River Correctional Center ("Illinois River"). (Doc. 10). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

Plaintiff files suit against Defendants Illinois Department of Corrections ("IDOC"), Latoya Hughes (IDOC Acting Director), Brittany Greene (Warden at Western), Chance Jones (Warden at Illinois River), Cheryl Hinthorne (former Warden at Illinois River), Houston (Correctional Officer at Western), Rusty Sarnes (former Personal Property Officer at Illinois River), Krista Hammond (former Mailroom Supervisor at Illinois River), Sean Mitchell (Correctional Counselor at Illinois River), and Kellie Dennis (Grievance Officer at Illinois River).

Plaintiff did not name Karen Norman-Rees and Jane Doe (Video Writ Officer) as Defendants in his Amended Complaint. Therefore, they are dismissed without prejudice.

Plaintiff's Amended Complaint, which consists of over 60 paragraphs, is akin to a diary or log of alleged constitutional violations related to his personal property, mail, and grievances.

Plaintiff alleges Defendant Houston, a Correctional Officer at Western, did not properly inventory his property when he was transferred from Western to Illinois River in July 2023. As a result, Plaintiff alleges some of his personal property and legal documents pertaining to his ongoing criminal appeal and civil case were lost or destroyed.

Plaintiff also alleges he did not have a fan in his cell at Illinois River during a heat wave in July 2023 and had no container for water or ice. Plaintiff alleges Defendant IDOC knew exposure to excessive heat was especially dangerous for him because he has hypoglycemia and heat stroke syndrome. Plaintiff states his adult children and friends contacted Defendant Warden Greene and informed her that Plaintiff's personal property had not arrived at Illinois River. They asked Defendant Greene to locate and ship the property to Plaintiff, especially his fan.

On July 13, 2023, Plaintiff alleges Defendant Sarnes, a Personal Property Officer at Illinois River, forced him to sign and backdate an inventory sheet falsely stating that Plaintiff received all his property. Defendant Sarnes allegedly threatened to write Plaintiff a disciplinary report if he did not sign the inventory sheet. After Plaintiff returned to his cell and inspected his property, he discovered some of his personal items and excess legal boxes were missing.

On August 1, 2023, Plaintiff filed an emergency grievance. On August 16, 2023, Plaintiff alleges Defendant Warden Hinthorne determined the grievance was emergent, but Defendant Hinthorne violated IDOC Departmental Rule 504.80 by waiting fifteen days to respond. As a result, Plaintiff alleges he was unable to file a timely petition for leave to appeal in his criminal case and missed deadlines in his civil case.

On August 31, 2023, Plaintiff alleges Defendant Grievance Officer Dennis informed him that she recommended his emergency grievance should be denied based on false statements from Defendant Sarnes.

Plaintiff also alleges Defendant Hammond, the Mailroom Supervisor at Illinois River, stopped delivering his mail to and from his family, friends, and wife. Plaintiff states his wife, who is also incarcerated, is his co-defendant in a criminal case and co-plaintiff in a civil case. Plaintiff alleges he missed important deadlines in their criminal and civil cases because his mail to and from the courts was not being delivered until after the deadlines passed.

In December 2023, Plaintiff wrote to Defendants Hinthorne and Hammond complaining that legal documents in his ongoing criminal and civil cases were never delivered to him, but Defendants did not respond. As a result, Plaintiff filed a grievance.

Between January 2024 and May 2024, Defendant Hammond allegedly retaliated against Plaintiff by intercepting mail from his wife and removing documents and photos.

On March 6, 2024, Plaintiff alleges he completed an authorization for payment form to have $100.00 deducted from his prison trust fund account and mailed to his wife. Plaintiff alleges Defendant Hammond further retaliated against him by changing the dollar amount to $25.00.

Plaintiff filed a grievance against Defendant Hammond on March 23, 2024. Plaintiff alleges Defendant Correctional Counselor Mitchell denied his grievance and falsely claimed there was a Warden's Bulletin setting the amount of money an inmate can send to another inmate at $25.00. On May 28, 2024, Defendant Warden Jones concurred with the denial of Plaintiff's grievance. On June 6, 2024, Plaintiff appealed the denial of his grievance to the Administrative Review Board ("ARB") and notified Defendant Acting Director Hughes he was being retaliated against.

Plaintiff alleges Defendant Hammond also retaliated against him by confiscating and destroying a picture of his wife. Defendant Hammond allegedly claimed Plaintiff was not authorized to receive a picture of his wife because she was an inmate.

On June 6, 2024, Plaintiff spoke with Defendants Warden Jones and Hughes when they were touring his cellhouse about Defendant Hammond's retaliatory conduct. Defendant Jones allegedly told Plaintiff to write to him and he would address the matter. Plaintiff alleges he attempted to write a letter to Defendant Jones, but Defendant Hammond intercepted it.

On June 17, 2024, Defendant Jones received Plaintiff's emergency grievance but did not deem it emergent, despite knowing Defendant Hammond was not delivering Plaintiff's mail. Plaintiff also claims Defendants Mitchell and Dennis mishandled his grievance.

4

On July 14, 2024, Plaintiff filed another emergency grievance complaining about a missing envelope he mailed to his wife. Plaintiff claims Defendants Hammond and Dennis conspired to prevent Plaintiff from exhausting his administrative remedies by holding his grievance appeal until after the 30-day deadline lapsed.

## II

Plaintiff's Amended Complaint includes multiple unrelated claims against different Defendants. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff's claims are not properly joined in the same lawsuit. For instance, his claim against Defendants Houston and Sarnes regarding his missing personal property and excess legal materials is not properly joined with a claim against Defendant Hammond, who allegedly retaliated against him by withholding his mail, destroying a picture of his wife, and preventing him from sending $100 to his wife. Likewise, a claim regarding the conditions of his confinement during a heatwave in July 2023 is not properly joined with a claim against Defendants

Hughes, Jones, Mitchell, and Dennis for allegedly mishandling his grievances regarding Defendant Hammond in 2024.

Therefore, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Any further amendment would be futile because Plaintiff has had multiple opportunities to state an actionable claim and failed to do so.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court finds any further amendment would be futile.**

2) **Defendants Karen Norman-Rees and Jane Doe are DISMISSED WITHOUT PREJUDICE, as Plaintiff did not name them as Defendants in his Amended Complaint.**

3) **The Clerk is directed to enter judgment and close this case.**

4) **Although this case has been dismissed, Plaintiff remains responsible for paying the remainder of the $350 filing fee. (See d/e 7/30/2025).**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: November 17, 2025
s/Jonathan E. Hawley
U.S. District Judge